STATE OF NORTH CAROLINA v. RICHARD LEE GEORGE

No. 8523SC147

(Filed 15 October 1985)

1. **Automobiles and Other Vehicles § 127.1— driving while impaired—sufficient evidence**

     The evidence was sufficient to support defendant's conviction of driving while impaired because on the date in question he "had consumed sufficient alcohol that at any relevant time after driving the defendant had an alcohol concentration of 0.10 or more" where it tended to show that a car driven by defendant was involved in an accident at 6:40 p.m.; defendant admitted that he drank 32 ounces of beer between 1:00 p.m. and 4:00 p.m. on the day in question; defendant drank three beers within a space of 30 minutes after 6:45 p.m.; and at 10:57 a breathalyzer test showed that defendant still had a blood alcohol level of 0.13.

2. **Automobiles and Other Vehicles § 126.3— time of breathalyzer test**

     The fact that three hours had passed from the time defendant operated a vehicle until a breathalyzer test was given goes to the weight rather than the admissibility of the breathalyzer evidence.

3. **Automobiles and Other Vehicles § 130.1— sentence for driving while impaired —enhancement by D.U.I. conviction under prior law**

     Defendant was not unconstitutionally imprisoned because his sentence for driving while impaired was enhanced by the use of a D.U.I. conviction which occurred prior to the effective date of the Safe Roads Act.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 6 September 1984 in Superior Court, YADKIN County. Heard in the Court of Appeals 24 September 1985.

Defendant was charged with driving while impaired and failure to stop at the scene of an accident. Defendant was found guilty in district court and appealed to superior court. In superior court the charge of leaving the scene of an accident was dismissed at the close of the State's evidence. The jury found defendant guilty of driving while impaired because on the date in question he "had consumed sufficient alcohol that at any relevant time after driving the defendant had an alcohol concentration of 0.10 or more." From a judgment sentencing him to one year imprisonment and fining him $1,000 defendant appealed. Release pending appeal was denied.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Isaac T. Avery III, for the State.*

*Zachary, Zachary and Harding, by Lee Zachary, for defendant appellant.*

ARNOLD, Judge.

[1] The defendant contends the court erred by failing to grant his motion to dismiss at the close of all the evidence. We disagree.

The evidence offered at trial tended to show that on 28 January 1984, at approximately 6:40 p.m., an accident occurred on Highway 21 in Yadkin County when a 1975 or 1976 Cutlass struck a vehicle operated by Steven Brown. Brown could not see who was driving the car but he was able to get the license number of the vehicle. Brown had also seen the defendant drive the car at some time prior to the accident. Mr. Brown called the State Highway Patrol and Trooper Vance was dispatched to investigate the accident. The trooper determined that Ms. Sadie Wall, the defendant's mother, was the owner of the vehicle. When the trooper went to Ms. Wall's residence neither the defendant nor the vehicle were at the residence. At approximately 8:45 p.m., the trooper found the defendant and the vehicle at Ron Stanley's house. The defendant appeared to be impaired at that time. During questioning defendant admitted that he had consumed four eight-ounce

State v. George

draft beers between 1:00 p.m. and 3:50 p.m. on the day in question, but he denied being involved in an accident. At 10:57 p.m. defendant submitted to a breathalyzer test which showed that he had a 0.13 alcohol concentration in his blood.

Defendant testifying in his own defense denied that he was involved in the accident. He testified he had consumed some beer between 1:00 p.m. and 4:00 p.m. and then went and talked to a girl at the Hardee's in Yadkinville. He stated that he left the Hardee's about 6:45 and drove up Highway 601 to his brother-in-law's house. After he arrived there, he drank three beers within the space of thirty minutes. He was in bed at the house when the trooper arrived to inquire about the accident.

In determining whether the court erred in denying the defendant's motion to dismiss, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference which can be drawn therefrom. *State v. Bright*, 301 N.C. 243, 271 S.E. 2d 368 (1980). The defendant's evidence, when not in conflict with the State's evidence, may be used to explain or clarify the evidence offered by the State. *State v. Earnhardt*, 307 N.C. 62, 296 S.E. 2d 649 (1982).

Defendant, by his own admission, drank thirty-two ounces of beer within a three hour period and then proceeded to drive upon the public highways of our State. Defendant also testified that he had consumed only three beers after he reached his destination. Yet, the evidence showed that three hours and forty-five minutes after driving he still had a blood alcohol level of 0.13. This evidence, taken in the light most favorable to the State and giving the State the benefit of all inferences which could be drawn therefrom, was sufficient to survive defendant's motion to dismiss.

Defendant also contends the court erred by allowing the introduction of the breathalyzer reading because it was not made at a relevant time and because it was introduced without laying a proper foundation.

[2] The prerequisites necessary for the introduction of a breathalyzer reading are to show: (1) that the person administering the test possessed a valid permit issued by the Department of Human Resources; and (2) that the analysis was performed by the

methods approved by the Commission for Health Services. G.S. 20-139.1(b). Our examination of the record convinces us that these prerequisites were met. With regard to the defendant's argument that the breathalyzer test was not given at a relevant time after driving, the fact that three hours had passed from the time the defendant operated the vehicle until the breathalyzer test was given goes to the weight to be given the evidence rather than its admissibility. The breathalyzer evidence was properly admitted.

[3] Finally, defendant argues that he was unconstitutionally imprisoned because his sentence was enhanced by the use of a D.U.I. conviction which occurred prior to the effective date of the Safe Roads Act. We note that defendant attempts to raise this issue for the first time in his brief. The issue was not raised in the trial court, nor is it based upon any exception or assignment of error in the record on appeal. Rule 10(a) of the Rules of Appellate Procedure in pertinent part provides that "the scope of review on appeal is confined to a consideration of those exceptions set out in the record on appeal or in the verbatim transcript of proceedings . . . and made a basis of assignments of error in the record on appeal. . . ." Thus, defendant has waived his right to raise this issue on appeal. Nevertheless, in our discretion, we have considered the argument and find it to be without merit.

No error.

Judges WELLS and MARTIN concur.