■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IAN HINDS, Appellant.—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Flug, J.), rendered May 22, 1991, convicting him of criminal possession of marihuana in the third degree under Indictment No. N10497/90, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered May 22, 1991, revoking a term of probation previously imposed, upon a finding that he had violated a condition thereof, upon his admission, and imposing a term of imprisonment upon his previous conviction of attempted criminal sale of a

controlled substance in the third degree under Indictment No. 2427/87, upon his plea of guilty. The appeal under Indictment No. N10497/90 brings up for review the denial (Appelman, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment and amended judgment are affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The evidence adduced at the suppression hearing established that on February 6, 1990, Detective Spataro was working at JFK Airport with Officer Clark, an officer of the Customs K-9 Unit, and Clark's dog, Tommy. Detective Spataro, who had seen Tommy work on two or three prior occasions, saw Tommy react to one particular bag by scratching at it. Officer Clark indicated that the bag contained a controlled substance. The bag was placed on a carousel, and Detective Spataro observed the defendant and his codefendant approach the bag.

The defendant picked up the bag and, accompanied by the codefendant, walked outside the terminal. Detective Spataro, along with three or four other detectives displaying their shields, approached the defendant and his companion. The detective admitted that the officers surrounded the defendant and his companion and that they were not free to go. Detective Spataro asked the defendant if the bag was his and the defendant said "no". The detective asked the defendant what he was doing with the bag, and the defendant said he came to the airport to pick it up for a friend. Detective Spataro asked the codefendant if the bag was hers and she said "no". She admitted that she arrived on a flight and produced two airline tickets, one in her name and one in the defendant's name. Her ticket had the baggage claim number corresponding to the number on the suitcase that the defendant had been carrying.

At that point, the codefendant admitted that the bag was hers and, at the detective's request, agreed that he could open it. When he opened the bag, he found 12 large bundles of marihuana. He advised the defendant and his companion of their *Miranda* rights, and placed them under arrest.

The defendant argues that the marihuana should have been suppressed because he was "seized" by police when they initially stopped him, and the officers did not have reliable information upon which to stop him, because there was no

evidence to establish Tommy's reliability. The defendant further asserts that the codefendant's consent to the search of the suitcase was coerced. We disagree. The information known to Detective Spataro prior to approaching the defendant constituted reasonable suspicion, justifying the forcible detention of the defendant and his companion *(see, People v De Bour,* 40 NY2d 210, 223). Moreover, the actions of the police officers in obtaining the codefendant's consent to search the suitcase were not coercive or improper. Her consent was voluntary. Therefore, the Supreme Court properly denied suppression of the marihuana found in the suitcase. Harwood, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.