■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD E. EVANS, Appellant. [608 NYS2d 35] —Judgment affirmed. Memorandum: We reject the contention of defendant that the court erred in denying his suppression motion. The

police had reasonable suspicion to stop and frisk defendant based on a radio dispatch concerning a man with a gun that was based on a 911 call from an identified citizen informant. Defendant was the only person located near the identified intersection who matched the description of the suspect, and he was stopped shortly after the 911 call was made *(see, People v Castro,* 115 AD2d 433, *affd* 68 NY2d 850; *cf., People v Carney,* 58 NY2d 51, 52-53; *People v La Pene,* 40 NY2d 210).

Defendant's contentions that the verdict is against the weight of the evidence and that the proof is legally insufficient are lacking in merit *(see generally, People v Bleakley,* 69 NY2d 490, 495).

All concur except Doerr, J., who dissents and votes to reverse in the following Memorandum.

Doerr, J. (dissenting). I respectfully dissent. I disagree with the majority's conclusion that a 911 call from an identified citizen provided the police with reasonable suspicion forcibly to stop and frisk defendant. At the suppression hearing, the People proved that an identified citizen telephoned 911 and reported a man with a gun near the corner of Walden and Ruhland. The caller described the man as black, wearing a white sweatsuit, and driving a blue car. The caller's description was broadcast over the police radio. Officers Bursie and Larke heard the dispatch and proceeded to the area. They observed no blue car, nor did they see a person fitting the caller's description. They drove around the block and observed defendant, a black man wearing a white sweatsuit, walking on Ruhland. Although they observed nothing of a suspicious nature, the officers exited their vehicle with guns drawn and frisked defendant. They located a gun inside defendant's pants at defendant's right ankle.

In my view, in the absence of any other indicia of criminality, the 911 call was not sufficient in and of itself to provide the officers with reasonable suspicion *(see, People v Benjamin,* 51 NY2d 267; *People v La Pene,* 40 NY2d 210, 224-226). The majority's reliance on *People v Castro* (115 AD2d 433, *affd* 68 NY2d 850) for the conclusion that a tip from a citizen is sufficient to provide the police with reasonable suspicion is misplaced. In *Castro (supra),* the citizen approached the police and gave them information in a face-to-face encounter, which provided the police with an "opportunity to evaluate his reliability 'on the basis of appearance and demeanor, factors critical to any such assessment' " *(People v Castro, supra,* at 435, quoting *People v Bruce,* 78 AD2d 169, 173; *see also, People*

*v Washington,* 182 AD2d 520, *lv denied* 80 NY2d 840). A 911 call provides the police with much less indicia of reliability. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Criminal Possession Weapon, 3rd Degree.) Present —Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.