■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HOWARD, Appellant. [683 NYS2d 445] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second and third degrees (Penal Law §§ 265.03, 265.02) and menacing in the second degree (Penal Law § 120.14). Defendant was sentenced as a second felony offender to concurrent indeterminate terms of incarceration, the longest being 5 to 10 years. The charges arose from an incident on November 10, 1993, when defendant pointed a fully-operational, loaded .380 caliber semi-automatic pistol at an investigator from the Irondequoit Police Department who was attempting to serve a warrant upon defendant. The investigator fired his weapon at defendant, striking him four times. Supreme Court properly denied the motion of defendant to suppress statements that he made to investigators from the Rochester Police Department on November 11, 1993, while defendant was hospitalized, recuperating from surgery for his gunshot wounds. One of the investigators testified at the *Huntley* hearing that he obtained permission from the nursing staff to question defendant. Although defendant was in pain, he was alert, conscious and coherent. *Miranda* warnings were administered, and defendant indicated that he understood his rights and was willing to speak with the investigators. The court properly determined, based on the totality of the circumstances, that the waiver was knowing, intelligent and voluntary (*see, People v Spearman,* 226 AD2d 180, 181, *lv denied* 88 NY2d 886; *People v Del Rosario,* 210 AD2d 72, *lv denied* 84 NY2d

1030; *People v Butler,* 175 AD2d 252, *lv denied* 79 NY2d 854). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Weapon, 2nd Degree.) Present—Green, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.