◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW J. HOFFMAN, Appellant. [685 NYS2d 142] —Order unanimously affirmed. Memorandum: Defendant was granted leave to appeal from an order denying his CPL 440.10 motion to vacate the judgment of conviction following a jury trial. Defendant was initially indicted on two counts of manslaughter in the first degree and other crimes, in connection with a high-speed motor vehicle chase that resulted in the death of two victims. That indictment was dismissed by County Court. Defendant was then charged in a second indictment with two counts of murder in the second degree (Penal Law § 125.25 [2]) and other crimes. Following a jury trial, defendant was convicted of those two counts of murder, as well as 19 additional counts. Defendant contends that he was denied effective assistance of counsel because of counsel's failure to notify him of a plea offer on the initial indictment. We disagree. That plea offer was for charges contained in the first indictment, which was subsequently dismissed by the court. In contending that he would have accepted that plea offer instead of seeking dismissal of the indictment, defendant is "according undue significance to retrospective analysis" (*People v Baldi*, 54 NY2d 137, 146). Defendant further contends that he was denied effective assistance of counsel by counsel's failure to advise him to accept the second plea offer. We disagree. The record establishes that, although defendant was aware of the consequences of not accepting the plea offer on the second indictment, he elected to proceed to trial (*see generally, People v Baldi, supra*, at 147). (Appeal from Order of Cattaraugus County Court, Himelein, J.—CPL art 440.) Present—Denman, P. J., Hayes, Pigott, Jr., Callahan and Fallon, JJ.