THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DANIELS, Appellant. [698 NYS2d 120] —Judgment unanimously affirmed. Memorandum: After drinking beer through the early morning hours of July 11, 1996, defendant and three others decided to drive to Sylvan Beach in a silver Eagle Premier automobile that defendant was supposed to be repairing for a friend. The fifth passenger in the vehicle was an 11-year-old girl whom one of the other passengers was babysitting. Several bystanders called the police to report that the vehicle was being driven erratically, and one bystander reported the license number of the vehicle. After receiving a call that the vehicle was headed east on Route 31, a State Trooper observed the vehicle being driven at a high rate of speed through a red light. He activated his lights and siren and attempted to pull the vehicle over. According to the two surviving rear seat passengers, defendant stated that he was on parole and "was not going to jail for DWI". He indicated that he was going to "lose" the Trooper and then led the Trooper on a high speed chase, with speeds reaching 110 miles per hour. It was the morning rush hour, and defendant was passing cars on the right and weaving between lanes, and he forced at least one other car off the road. The two surviving rear seat passengers testified at trial that all of the passengers in the vehicle asked defendant to pull over, but he refused, insisting that they would be fine. The front seat passenger told defendant that he did not want to die and attempted to grab the steering wheel and apply the brakes, but defendant pushed him away. Defendant attempted to apply the brakes as he drove around a curve marked 35 miles per hour at approximately 80 miles per hour. The vehicle hit a curb, became airborne, slid for about 25

feet, flipped onto the passenger side and caught fire. The front seat passenger and the right rear seat passenger were killed, and defendant and the other two rear seat passengers were injured. A blood test established that defendant's blood alcohol content was .18% after the crash.

We reject defendant's contention that the conviction of two counts of depraved indifference murder is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). In our view, defendant's conduct, i.e., driving while in an intoxicated condition, engaging a State Trooper in a high speed chase through populated areas, committing multiple Vehicle and Traffic Law violations, and refusing to stop despite the entreaties of his passengers, demonstrates "a wanton indifference to human life or depravity of mind" (*People v Gomez,* 65 NY2d 9, 11), sufficient to justify punishing defendant as severely as if his actions were intentional (*see, People v Fenner,* 61 NY2d 971, 973; *see also, People v Padula,* 197 AD2d 747, *lv denied* 82 NY2d 928; *People v Perkins,* 177 AD2d 720, *lv denied* 79 NY2d 951).

County Court properly allowed the surviving rear seat passengers to testify to statements made by the victims during the high speed chase. The statements were not hearsay because they were offered not for their truth, but to establish that they were made (*see, People v Davis,* 58 NY2d 1102, 1103), and they were relevant to show circumstantially the state of mind of the hearer (*see,* Prince, Richardson on Evidence § 8-106 [Farrell 11th ed]).

The chain of custody of the blood sample was sufficiently established and thus the blood test results were admissible; any deficiencies in the chain of custody went to the weight rather than the admissibility of that evidence (*see, People v Casado,* 212 AD2d 1028, *lv denied* 85 NY2d 970). The hearing court properly refused to suppress defendant's statement to the police upon determining that defendant intelligently and voluntarily waived his rights after receiving *Miranda* warnings (*see, People v Howard,* 256 AD2d 1170, *lv denied* 93 NY2d 874). Given the aggravated circumstances of this senseless tragedy, we decline to exercise our power to modify defendant's sentence as a matter of discretion in the interest of justice. We have examined the remaining issues raised by defendant and conclude that they lack merit. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Murder, 2nd Degree.) Present—Green, J. P., Hayes, Pigott, Jr., and Scudder, JJ.

■ In the Matter of Nathaniel J. Boles, Jr., as Administrator of the Estate of Nathaniel J. Boles, Sr., Deceased, Re-