THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL FRICANO, Appellant. [702 NYS2d 478] —Judgment unanimously affirmed. Memorandum: We reject the contention

of defendant that County Court erred in denying his suppression motion. A citizen informant testified at the suppression hearing that, after encountering defendant at a gas station at approximately 3:00 A.M., he immediately drove across the street and advised a police officer that defendant was intoxicated and had a huge knife in his boot. The citizen pointed out to the officer the black Jeep in which defendant was driving away from the gas station. That information provided the officer with the requisite reasonable suspicion to support the stop of defendant's vehicle (*see generally, People v Evans*, 201 AD2d 882, 883, *affd* 83 NY2d 934; *People v Klass*, 55 NY2d 821). After stopping the vehicle, the officer approached defendant and explained that he had received information that defendant was intoxicated and had a knife in his boot. The officer asked defendant for identification, which he failed to produce. The officer then asked defendant to step out of his vehicle, but defendant was unresponsive. In light of the information provided to the officer and defendant's failure to respond to the officer's requests, the conduct of the officer in opening the door of defendant's vehicle and directing defendant to exit was justified (*see, People v McLaurin*, 70 NY2d 779; *People v Landy*, 59 NY2d 369, 376; *see also, Pennsylvania v Mimms*, 434 US 106). Additionally, because the officer had information that defendant was "armed or pose[d] a threat to safety", the officer properly frisked defendant (*People v Batista*, 88 NY2d 650, 654). Finally, the officer had probable cause to arrest defendant when, while attempting to escape from the frisk, defendant removed a revolver concealed on his person, aimed it at the officer and pulled the trigger (*see, People v Carrasquillo*, 54 NY2d 248, 254; CPL 140.25 [1] [a]).

We further conclude that defendant received effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Monroe County Court, Egan, J.— Attempted Assault, 1st Degree.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.