■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW J. HOFFMAN, Appellant. [725 NYS2d 494] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that the conviction of two counts of murder in the second degree (Penal Law § 125.25 [2]), two counts of assault in the first degree (Penal Law § 120.10 [3]), and two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) is not supported by legally sufficient evidence. We disagree. The evidence, viewed·in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), establishes that defendant had been drinking and, while driving, struck another vehicle from the rear. After the police pulled over his vehicle and took his keys from him, defendant took a second set of keys from his girlfriend and drove off, leading a State Trooper on a high-speed chase. Defendant drove at speeds of up to 80 miles per hour, passing cars on the right and disobeying traffic signals. He ignored the pleas of his passengers to stop, and he did not attempt to brake when he drove down an off-ramp toward a vehicle and collided broadside with that vehicle. The driver and a passenger in that vehicle were killed, and the two other passengers were injured. A blood test revealed that defendant had a blood alcohol level of 0.22%. That evidence of defendant's conduct is legally sufficient to establish a depraved indifference to human life (*see, People v Daniels,* 265 AD2d 909, 910, *lv denied* 94 NY2d 878; *see generally, People v Roe,* 74 NY2d 20, 24-25).

Contrary to the further contention of defendant, the police had reasonable suspicion to stop his vehicle based on information from an identified citizen informant concerning a hit-and-run accident. The identified citizen informant was presumed to be reliable and his basis of knowledge was his observation of the offense (*see, People v Hetrick,* 80 NY2d 344, 348-349; *People v Walker,* 278 AD2d 852; *People v Rivera,* 210 AD2d 895, 895-896; *People v Rowles,* 176 AD2d 1074, 1075-1076, *lv denied* 79 NY2d 831). The State Trooper observed a vehicle matching the description given by the informant in proximity to the offense and close in time to its commission. Based on those circum-

stances, the State Trooper had reasonable suspicion to believe that the driver of the vehicle had committed a crime, which justified his stop of the vehicle (*see, People v Fricano,* 267 AD2d 1043, 1044, *lv denied* 95 NY2d 796; *People v Glaze,* 255 AD2d 932, 932-933, *lv denied* 93 NY2d 853; *see generally, People v Spencer,* 84 NY2d 749, 752-754, *cert denied* 516 US 905).

Defendant contends that County Court erred in denying his motion to suppress the blood test result on the ground that the test was administered more than two hours after his arrest, in violation of Vehicle and Traffic Law § 1194 (2) (a) (1) and (2). That motion was untimely because it was not made within the 45-day time period set forth in CPL 255.20 (1), and defendant failed to establish that the motion could not reasonably have been made within that time period (*see,* CPL 255.20 [3]; *People v Molling,* 238 AD2d 915, 916; *People v Killings,* 191 AD2d 586, 587, *lv denied* 81 NY2d 1075). In any event, defendant's contention is without merit. The two-hour time limit does not apply where, as here, defendant expressly consented to the blood test (*People v Atkins,* 85 NY2d 1007, 1008-1009; *see also, People v Turner,* 234 AD2d 704, 706). Contrary to the further contention of defendant, the People established an adequate foundation for the admission of the blood test result in evidence at trial (*see, People v Julian,* 41 NY2d 340, 342-343; *People v Parker,* 217 AD2d 946, *lv denied* 87 NY2d 849). "Any deficiency in the chain of custody went to the weight of the evidence rather than its admissibility" (*People v Hooks,* 258 AD2d 954, *lv denied* 93 NY2d 972; *see, People v Daniels, supra,* at 910). In addition, the court properly denied the motion of defendant to suppress his statement. The statement was made in response to an officer's question that was "not aimed at eliciting an incriminating response but was asked solely to insure [his] safety" (*People v Burgos,* 255 AD2d 199, *lv denied* 93 NY2d 851).

Defendant contends that he was denied a fair trial based on the People's late disclosure of the 911 tapes and the People's failure to disclose the criminal conviction of a witness. With respect to the 911 tapes, the court reopened the suppression hearing so that defendant could cross-examine the witnesses based on those tapes; defendant thus failed to show any prejudice resulting from the delay (*see, People v Ranghelle,* 69 NY2d 56, 63). With respect to the criminal conviction, the prosecutor established that he did not disclose that conviction because he was not aware of it (*see,* CPL 240.45 [1] [b]). In any event, there is no reasonable possibility that the outcome of the trial would have been different had that conviction been disclosed to

defendant (*see generally, People v Vilardi,* 76 NY2d 67, 77; *People v Workman,* 277 AD2d 1029).

As we determined on defendant's prior appeal from the order denying his motion pursuant to CPL 440.10, the contention of defendant that he received ineffective assistance of counsel is without merit (*see, People v Hoffman,* 256 AD2d 1195, *lv denied* 93 NY2d 874, *cert denied* 528 US 863). Defendant did not preserve for our review his contention that the court erred in granting the People's request for a missing witness charge with respect to defendant's girlfriend (*see,* CPL 470.05 [2]; *People v Smith,* 240 AD2d 600, 601, *lv denied* 90 NY2d 898), and, in any event, that contention is without merit (*see, People v Brown,* 256 AD2d 1109, *lv denied* 93 NY2d 851; *see generally, People v Keen,* 94 NY2d 533, 539).

We conclude, however, that the sentences imposed on the two counts of vehicular assault in the second degree (Penal Law § 120.03 [1], [2]) are illegal (*see,* Penal Law § 70.00 [2] [e]; [3] [b]). We therefore modify the judgment by reducing the sentences imposed on those counts to terms of imprisonment of 1 to 4 years. The sentences as modified are not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Cattaraugus County Court, Himelein, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Kehoe and Burns, JJ.