■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. KIRKEY, Appellant. [793 NYS2d 856]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered September 18, 2002. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated as a felony (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [i]), defendant contends that the police lacked reasonable suspicion to stop the vehicle that he was driving and thus that the evidence obtained as the result of that illegal stop should have been suppressed. We reject that contention. The police had the requisite reasonable suspicion to stop the vehicle driven by defendant based on information provided by an identified citizen informant (*see People v Van Every*, 1 AD3d 977, 978-979 [2003], *lv denied* 1 NY3d 602 [2004]), and that information was corroborated by the personal observations of the officer who stopped the vehicle (*see People v Hoffman*, 283 AD2d 928 [2001], *lv denied* 96 NY2d 919 [2001]; *cf. People v Jeffery*, 2 AD3d 1271 [2003]). We also reject the contention of defendant that County Court erred in admitting the results of his breathalyzer test in evidence. The People presented a proper foundational basis "from which the trier of fact could reasonably conclude that the

test results were derived from a properly functioning machine using properly constituted chemicals" (*People v Freeland*, 68 NY2d 699, 701 [1986]; *cf. People v Uruburu*, 169 AD2d 20, 24-26 [1991], *lv denied* 78 NY2d 1082 [1991]). Finally, we reject defendant's contention concerning the severity of the sentence. Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.