■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELROY WASHINGTON, Appellant. [856 NYS2d 783]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered November 3, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [former (1)]). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]) and, in any event, that challenge is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We further conclude that the verdict is not against the weight of the evidence (*see generally People v Danielson*, 9 NY3d 342, 348 [2007]; *Bleakley*, 69 NY2d at 495). The jury was entitled to reject the testimony of the codefendant that defendant was not involved in the crime and to find, based upon the automobile presumption set forth in Penal Law § 220.25 (1), that defendant knowingly possessed the cocaine found in the vehicle in which he was a passenger (*see People v Kinchen*, 278 AD2d 874 [2000], *lv denied* 96 NY2d 760 [2001]). Contrary to defendant's further contention, the instructions given to the grand jury were proper (*see generally People v*

*Wooten*, 283 AD2d 931, 932 [2001], *lv denied* 96 NY2d 943 [2001]).

Although defendant has standing to challenge the search of the vehicle by virtue of the People's reliance on the statutory automobile presumption (*see generally People v Wesley*, 73 NY2d 351, 360-362 [1989]), we reject his contention that County Court erred in refusing to suppress the cocaine found in the vehicle. The police officer had reasonable suspicion for the initial stop of the vehicle based upon information from an identified citizen informant that the driver of the vehicle was drinking alcohol and driving erratically (*see People v Kirkey*, 17 AD3d 1149 [2005], *lv denied* 5 NY3d 764 [2005]; *People v Hoffman*, 283 AD2d 928, 928-929 [2001], *lv denied* 96 NY2d 919 [2001]). The record establishes that the codefendant consented to the search that yielded the cocaine, and there is no indication that his consent was coerced (*see People v Hinds*, 184 AD2d 579, 581 [1992], *lv denied* 80 NY2d 832 [1992]). In any event, even assuming, arguendo, that the codefendant did not consent to the search of his vehicle, we conclude that, upon determining that he did not have a valid driver's license, the police were justified in impounding the vehicle following his arrest for aggravated unlicensed operation of a motor vehicle (*see People v Johnson*, 1 NY3d 252, 255 [2003]). The police then properly conducted an inventory search "pursuant to 'an established procedure clearly limiting the conduct of individual officers that assures that the searches are carried out consistently and reasonably' " (*id.* at 256; *see People v Owens*, 39 AD3d 1260, 1261 [2007], *lv denied* 9 NY3d 849 [2007]; *People v Jackson*, 16 AD3d 1022, 1023 [2005], *lv denied* 4 NY3d 854 [2005]), and thus the court properly concluded that the cocaine was discovered during that valid inventory search. We further conclude that defendant received meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to the contention of defendant in his pro se supplemental brief, the court did not abuse its discretion in discharging an absent juror after "a reasonably thorough inquiry" into her availability established that she would not be available within two hours of the time at which the trial was scheduled to resume (CPL 270.35 [2] [a]; *see People v Jeanty*, 94 NY2d 507, 516-517 [2000], *rearg denied* 95 NY2d 849 [2000]; *People v Kimes*, 37 AD3d 1, 24 [2006], *lv denied* 8 NY3d 881, 9 NY3d 846 [2007]). Defendant was not otherwise deprived of a fair trial based on the cumulative effect of alleged errors at trial. The sentence is not unduly harsh or severe.

We have considered the remaining contentions of defendant

in his pro se supplemental brief and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Smith, Fahey and Gorski, JJ.