BRYANT, Judge.
 

 *191
 
 Where the essential elements of hit and run resulting in death necessarily include the essential elements of hit and run resulting in injury, the trial court did not err by submitting to the jury and entering judgment upon conviction for felonious hit and run resulting in injury.
 

 On 1 January 2010, defendant Jonathan Keith Malloy called his girlfriend, Sandra Hoover, to let her know that his friends were "hanging out" at their shared home on Lakecrest Drive. When Hoover arrived home around 4:00 p.m., she found defendant and his friends "sitting on the couch and having a good time ... drinking and smoking." Defendant went to Hoover and asked her to take his friends home around 6:00 p.m., but Hoover refused, even though she could smell the alcohol on defendant's breath and his eyes were red and glassy, "like he had been drinking." Defendant then took the keys to Hoover's gray 1990 Volvo and got in the driver's seat. Hoover also got in the car with defendant and his friends.
 

 *192
 
 Defendant was driving and turned onto North Tryon Street. Hoover, who was sitting in the back seat, heard "like a bump, like a thump," and Hoover said "John, you hit somebody." Defendant replied, "no, I didn't," and Hoover responded, "yes, you did."
 

 Defendant did not stop immediately but continued driving until he reached a gas station a few minutes later. There, they discovered the windshield had been cracked and the right headlight was out. Defendant drove to another gas station, where Hoover told defendant's friends to get out of the car. She and defendant drove back to their home, got into a different car with Hoover driving, and went to "see what happened."
 

 They were unable to return to the precise location where they heard the bump, because there were police officers and police cars blocking the street. As a result, Hoover stopped at a gas station and defendant went inside to find out what had happened. When he returned, he told Hoover that "somebody had got hit, someone was dead out there." Police had found a deceased person on Tryon Street.
 
 [1]
 

 Hoover and defendant went home around 8:00 p.m., and Hoover told defendant that if she saw "it" on the 11:00 news, she would call the police. Defendant told her not to call "'cause he could fix the car." Defendant then took a nap before being picked up to go to work at 10:30 that evening. After seeing coverage of "it" on the news at 11:00, Hoover called police.
 

 During the early morning hours of 2 January 2010, Officer Jonathan Wally with the Charlotte-Mecklenburg Police Department responded to Hoover's 911 call. He met Hoover, and Hoover told him she had seen her car on television, which had been identified as being involved in a hit and run on Tryon Street. Hoover told the officer that defendant had been driving down North Tryon Street when she "felt, heard a bump." She then took him outside to show him the Volvo. Officer Wally seized the Volvo, and it was taken to a crime scene vehicle bay. Hoover and defendant both gave statements to police that day.
 

 On 12 April 2010, defendant was indicted for felonious hit and run resulting in death and for driving while license revoked ("DWLR"). Defendant pled guilty to the charge of DWLR on 10 October 2016 and stipulated that he had been driving at the
 
 *16
 
 time of the offense. The case was tried on the remaining charges at the 10 October 2016 Session
 
 *193
 
 of Superior Court for Mecklenburg County, the Honorable Linwood O. Foust, Judge presiding.
 

 At trial, the State requested that the jury be instructed on the offense of felonious hit and run resulting in injury. Defendant objected to this instruction, but the trial court overruled defendant's objection. Defendant also objected to including the lesser-included offense on the verdict sheet, but the trial court again overruled defendant's objection.
 

 The jury found defendant guilty of the lesser-included offense of felonious hit and run resulting in injury. Defendant moved for a directed verdict of not guilty, renewing his objection to the instruction on felonious hit and run resulting in injury. Defendant argued that felonious hit and run resulting in injury is not a lesser-included offense of hit and run resulting in death. The trial court denied the motion, and thereafter entered judgment and imposed a sentence of eleven to fourteen months imprisonment for hit and run resulting in injury. The trial court also sentenced defendant to a consecutive sentence of 120 days on the DWLR charge. Defendant appeals.
 

 _________________________
 

 On appeal, defendant contends the trial court erred by instructing the jury on and entering judgment upon conviction for felonious hit and run resulting in injury, an offense for which defendant was not indicted. Specifically, defendant contends that felonious hit and run resulting in injury is not necessarily a lesser-included offense of hit and run resulting in death. We disagree.
 

 The elements of felonious hit and run resulting in
 
 death
 
 are (1) the defendant was driving a vehicle, (2) that vehicle was involved in a crash, (3) that a person
 
 died
 
 as a result of the crash, (4) that the defendant knew, or reasonably should have known, that the defendant was involved in a crash and that a person had
 
 died
 
 as a result of the crash, (5) that the defendant did not stop the vehicle immediately at the scene of the crash, and (6) that the defendant's failure
 
 *194
 
 to stop was willful; that is, intentional and without justification or excuse.
 
 N.C. Gen. Stat. § 20-166
 
 (a) (2015).
 

 The elements of felonious hit and run resulting in
 
 injury
 
 are (1) the defendant was driving a vehicle, (2) the vehicle was involved in a crash, (3) that a person
 
 suffered injury
 
 as a result of the crash, (4) that the defendant knew, or reasonably should have known, that the defendant was involved in a crash and that a person had
 
 suffered injury
 
 as a result of the crash, (5) that the defendant did not stop the vehicle immediately at the scene of the crash, and (6) that the defendant's failure to stop was willful; that is, intentional and without justification or excuse.
 

 Id.
 

 § 20-166(a1).
 

 The only differences between these two offenses are those italicized above and that the greater offense is a Class F felony, while the lesser offense is a Class H felony.
 
 Compare
 

 id.
 

 § 20-166(a),
 
 with
 

 id.
 

 § 20-166(a1). Otherwise, the elements of the two offenses are exactly the same.
 
 See
 

 id.
 

 § 20-166(a), (a1).
 

 Defendant essentially argues that "[d]eath does not necessarily include injury[,]" and that because our courts have recognized the concept of "instantaneous death,"
 
 see
 

 State v. Hudson
 
 ,
 
 345 N.C. 729
 
 , 731,
 
 483 S.E.2d 436
 
 , 437 (1997) (involving a boat collision which "instantly killed" three people);
 
 State v. McDonald
 
 ,
 
 151 N.C. App. 236
 
 , 238,
 
 565 S.E.2d 273
 
 , 274 (2002) (involving a motor vehicle collision where a driver was "instantly killed"), a felonious hit and run could result in death, but not necessarily in injury.
 

 While the cases cited by defendant,
 
 Hudson
 
 and
 
 McDonald
 
 , found that death may be and, in those cases was, instantaneous, neither case stands for the proposition that "injury" is not an element or precursor to death. Indeed, even
 
 Black's Law Dictionary
 
 includes the word "injury" in its definition of "instantaneous death" as "[d]eath occurring in an instant or within an extremely short time after an
 
 injury
 
 or seizure."
 
 Black's Law Dictionary
 
 , "instantaneous death" (10th ed. 2014). Per this definition, death occurs after "injury," and "injury" is a component of death.
 

 *17
 
 In the instant case, the language used by the medical examiner regarding the cause of death belies the entire premise of defendant's argument on appeal. The medical examiner stated the victim's cause of death was "blunt trauma head
 
 injury
 
 due to pedestrian struck by motor vehicle." (Emphasis added). The victim was injured as a result of the crash, and his injury resulted in death. Therefore, the essential elements of hit and run resulting in death necessarily include the essential elements of hit and run resulting in injury.
 
 [2]
 

 *195
 
 Accordingly, the trial court did not err by submitting to the jury and entering judgment upon conviction for felonious hit and run resulting in injury.
 

 NO ERROR.
 

 Judges MURPHY and ARROWOOD concur.
 

 [1]
 

 A pathologist with the Mecklenburg County medical examiner's office testified that the deceased's blood alcohol concentration at the time of death was almost four times the legal limit.
 

 [2]
 

 Because we conclude that the elements of felonious hit and run resulting in injury are a lesser-included offense of felonious hit and run resulting in death, we need not address defendant's argument that a fatal variance existed in the indictment, nor whether defendant properly preserved this issue for review.