IN THE MATTER OF: RONALD DOUGLAS COWLEY

No. COA94-770

(Filed 19 September 1995)

**Weapons and Firearms § 16 (NCI4th)— student with gun on school property—gun not operable—adjudication of delinquency proper**

A gun need not be operable in order for a student to be adjudicated delinquent under N.C.G.S. § 14-269.2(b) which prohibits the possession of "any gun" on educational property.

**Am Jur 2d, Weapons and Firearms § 26, 27.**

Appeal by respondent from order entered 26 April 1994 by Judge Sarah F. Patterson in Nash County District Juvenile Court. Heard in the Court of Appeals 21 March 1995.

*Attorney General Michael F. Easley, by Associate Attorney General Elizabeth R. Bare and Investigative Law Clerk/Attorney Sondra C. Panico, for the State.*

*Terry W. Alford for respondent appellant.*

COZORT, Judge.

The issue in this appeal is whether a gun must be operable in order for a student to be adjudicated delinquent under the statute prohibiting the possession of "any gun" on educational property. We hold the gun does not have to be operable, and we affirm the trial court's order.

On 7 December 1993, respondent, a fifteen-year-old student at Nash Central Junior High School, admitted to the school's principal that he was in possession of a handgun he had purchased from another student. Respondent showed the gun, a .38 caliber Iver Johnson, to the principal, Robert Spencer. Mr. Spencer testified that the gun was unloaded and that he found no bullets in the possession of respondent. Detective James Resh of the Nash County Sheriff's Department met with Mr. Spencer and respondent and testified that the gun was inoperable because the hammer had been filed down and would not strike the firing pin.

Respondent was charged with a violation of N.C. Gen. Stat. § 14-269.2(b) which makes it a felony to carry a firearm on educa-

tional property. Judge Sarah F. Patterson conducted the hearing in Juvenile Court. At the close of the State's evidence, respondent moved to dismiss on the ground that the gun was inoperable. The trial court denied respondent's motion, and respondent presented no evidence. The court adjudicated respondent delinquent and placed him on intensive probation for twelve months. Respondent appealed.

Respondent contends that N.C. Gen. Stat. § 14-269.2(b) requires that a gun be operable in order to constitute a violation of the statute. We disagree. The statute provides:

> (b) It shall be a Class I felony for any person to possess or carry, whether openly or concealed, any gun, rifle, pistol, or other firearm of any kind, or any dynamite cartridge, bomb, grenade, mine, or powerful explosive as defined in G.S. 14-284.1, on educational property. However, this subsection does not apply to a BB gun, stun gun, air rifle, or air pistol.

N.C. Gen. Stat. § 14-269.2(b) (Cum. Supp. 1994). Respondent argues that the North Carolina courts have interpreted three other criminal firearm statutes as requiring operable weapons in order to constitute a violation. We find § 14-269.2(b) is distinguishable from these statutes and does not require that a gun be operable in order to establish a violation of the statute.

The three statutes respondent asks us to compare to § 14-269.2(b) are N.C. Gen. Stat. §§ 14-87, 14-288.8, and 14-415.1. The armed robbery statute, § 14-87, makes it a crime to commit robbery with the use of a weapon "whereby the life of a person is endangered or threatened." N.C. Gen. Stat. § 14-87(a) (1993). That statute is distinguishable because the only way a person's life would be threatened is with the use of an operable gun. The armed robbery statute necessarily implies that the gun be operable. To the contrary, § 14-269.2(b) states it is illegal to carry *any gun* on school property. N.C. Gen. Stat. § 14-288.8(c) is markedly different because it deals with "weapon[s] of mass death and destruction," going into great detail to define these weapons. N.C. Gen. Stat. § 14-288.8 (1993). The focus of § 14-288.8 is considerably different from the concept of *any gun* used in § 14-269.2(b). Finally, § 14-415.1(a) prevents a convicted felon from purchasing, owning, or possessing "any handgun or other firearm with a barrel length of less than 18 inches or an overall length of less than 26 inches, or any weapon of mass death and destruction . . . ." N.C. Gen. Stat. § 14-415.1(a) (1993). We also find this statute encompasses a narrow range of guns, while § 14-269.2(b) prohibits *any gun*,

excluding only "a BB gun, stun gun, air rifle, or air pistol." N.C. Gen. Stat. § 14-269.2(b).

Public policy favors that § 14-269.2(b) be treated differently from the other firearm statutes. The other statutes are concerned with the increased risk of endangerment, while the purpose of § 14-269.2(b) is to deter students and others from bringing any type of gun onto school grounds. The question of operability is not relevant because the focus of the statute is the increased necessity for safety in our schools. The General Assembly has already established the types of guns not encompassed by the statute. It is unnecessary for the courts to add to that list.

The trial court properly adjudicated the respondent delinquent. The order of the trial court is

Affirmed.

Judges JOHNSON and McGEE concur.