IN RE: H.H.
No. COA07-292
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Hope D. Murphy, for the State.
James N. Freeman, Jr., for defendant.
ELMORE, Judge.
On 5 November 2005, a Wake County Sheriff's Deputy assigned to Daniels Middle School in Raleigh was approached by a student. The student told the officer that she needed to speak to a principal or administrator. The student was concerned that a fellow student, H.H. (respondent), was in possession of a knife on school grounds. Respondent was brought to the principal's office. The deputy and an assistant principal asked respondent, "Do you have anything on you that you shouldn't have?" H.H. responded that he was in possession of a pocketknife. Respondent immediately produced the pocketknife and gave it to the deputy. At the hearing, the deputy testified that the knife was four inches in length, and described the knife as being a steel folding knife. On 27 January 2006, a juvenile petition was filed alleging that respondent was a delinquent juvenile and charging him with possession of a weapon on educational property in violation of N.C. Gen. Stat. §14-269.2 (2005). On 1 November 2006, respondent was adjudicated a delinquent juvenile and placed on probation for up to nine months.
Respondent argues that the trial court erred by failing to grant his motion to dismiss. Respondent asserts that the trial court erred by ruling that a pocketknife, with the blade folded into the handle, constituted a "weapon" on educational property under N.C. Gen. Stat. §14-269.2. Respondent contends that if the legislature had intended to include pocket knives, then pocket knives would be listed therein.
After careful review of the record, briefs, and contentions of the parties, we disagree. This Court must determine whether the evidence, when viewed in the light most favorable to the State, is sufficient to allow a reasonable juror to find respondent delinquent of the essential elements of the offense beyond a reasonable doubt. See State v. Jones, 147 N.C. App. 527, 545, 556 S.E.2d 644, 655 (2001).
In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.
In re B.N.S., ___ N.C. App. ___, ___, 641 S.E.2d 411, 412 (2007). Here, respondent was adjudicated delinquent for misdemeanor possession of a weapon on educational property under N.C. Gen. Stat. §14-269.2(d).
It shall be a Class 1 misdemeanor for any person to possess or carry, whether openly or concealed, any BB gun, stun gun, air rifle, air pistol, bowie knife, dirk, dagger, slungshot, leaded cane, switchblade knife, blackjack, metallic knuckles, razors and razor blades (except solely for personal shaving), firework, or any sharp-pointed, or edged instrument except instructional supplies, unaltered nail files and clips and tools used solely for preparation of food, instruction, and maintenance, on educational property.
N.C. Gen. Stat. §14-269.2(d) (2005). In re B.N.S., ___ N.C. App. at ___, 641 S.E.2d at 412, is controlling. In In Re B.N.S., this Court was similarly faced with the question of whether a pocketknife was a weapon under N.C. Gen. Stat. §14-269.2(d) . This Court stated:
The juvenile possessed a pocketknife with a 2.5 inch blade while upon school property. "A pocketknife has been recognized in this state as a deadly or dangerous instrumentality as a matter of law." Although the knife's blade was closed, the operability of the weapon is irrelevant. The juvenile possessed a "sharp-pointed or edged instrument" as prohibited by N.C. Gen. Stat. § 14-269.2(d) and merely had to open the pocketknife's blade.
It is well established that the purpose of N.C. Gen. Stat. § 14-269.2 is to deter students from bringing a weapon onto school grounds. After reviewing the evidence in the light most favorable to the State, the trial court did not err in denying the juvenile's motion to dismiss.
In re B.N.S., ___ N.C. App. at ___, 641 S.E.2d at 413 (internal citations omitted). In Re B.N.S is indistinguishable from the instant case. Accordingly, for the reasons stated inIn Re B.N.S, we affirm.
Affirmed.
Judges WYNN and BRYANT concur.
Report per rule 30(e).