**RICHARDSON v. HIATT**

[95 N.C. App. 780 (1989)]

RONALD RICHARDSON, Petitioner Appellee v. WILLIAM S. HIATT, Commissioner, NORTH CAROLINA DIVISION OF MOTOR VEHICLES, Respondent Appellant

No. 887SC1096

(Filed 3 October 1989)

**Automobiles and Other Vehicles § 2.4— revocation of driver's license — case remanded for determination as to willfulness of refusal to submit to chemical analysis of blood**

The opinion filed in this case on 15 August 1989 was in error in ordering that the cause be remanded to Nash County Superior Court for entry of an order affirming the revocation of petitioner's driver's license; instead the case is remanded to Superior Court for a new trial at which time petitioner will have an opportunity to present evidence, and the trial court can determine whether petitioner willfully refused to submit to a chemical analysis of his blood.

APPEAL by respondent from judgment of *Judge Napoleon Barefoot* entered 11 August 1988 in NASH County Superior Court. Heard in the Court of Appeals 19 April 1989.

*Ralph G. Willey, III, for petitioner appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for respondent appellant.*

COZORT, Judge.

Petitioner files a Petition for Rehearing pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure.

Upon review of the petition, this Court finds that the opinion filed in this case on 15 August 1989 was in error in ordering that the cause be remanded to Nash County Superior Court for entry of an order affirming the revocation of petitioner's driver's license. The proper resolution of the cause is to remand to Superior Court for a new trial. At a new trial, petitioner will have an opportunity to present evidence, and the trial court can determine whether the petitioner willfully refused to submit to a chemical analysis of his blood. *See Joyner v. Garrett*, 279 N.C. 226, 182 S.E.2d 553, *petition to rehear denied*, 279 N.C. 397, 183 S.E.2d 241 (1971).

**RICHARDSON v. HIATT**

[95 N.C. App. 780 (1989)]

The petitioner's Petition for Rehearing is granted in order for this Court to modify its opinion of 15 August 1989 to provide that the trial court's judgment of 11 August 1988 is reversed in part, affirmed in part and the cause remanded for a new trial.

Reversed in part, affirmed in part and remanded.

Judges PHILLIPS and PARKER concur.