RUBY MAE MOORE, Petitioner/Appellee v. ROBERT F. HODGES, COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA, AND THE N.C. DIVISION OF MOTOR VEHICLES, Respondent/Appellant

No. 946SC327

(Filed 1 November 1994)

**Automobiles and Other Vehicles § 92 (NCI4th)— probable cause to believe petitioner driving while impaired—refusal to submit to chemical analysis**

The uncontradicted and manifestly credible testimony of the investigating trooper that petitioner was involved in a one-car accident at 1:30 a.m., admitted that the accident was her fault, admitted she had been drinking earlier that evening, smelled of alcohol, had mumbled speech, and registered .10 or higher on the alcosensor test was sufficient to establish probable cause for the trooper to believe that petitioner had been driving while impaired, and the uncontradicted evidence further showed that petitioner willfully refused to submit to chemical analysis when requested; therefore, the trial court erred in reversing the one-year revocation of petitioner's driving privileges based on petitioner's willful refusal to submit to a chemical analysis.

**Am Jur 2d, Automobiles and Highway Traffic §§ 122 et seq.**

**Suspension or revocation of driver's license for refusal to take sobriety test. 88 ALR2d 1064.**

Appeal by respondent from order entered 15 November 1993 by Judge Napoleon B. Barefoot in Hertford County Superior Court. Heard in the Court of Appeals 26 September 1994.

*Overton, Jones and Carter, P.A., by Larry S. Overton and Bruce L. Daughtry, for petitioner appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Bryan E. Beatty, for respondent appellant.*

COZORT, Judge.

Respondent Commissioner of Motor Vehicles appeals from an order reversing the one-year revocation of petitioner's driving privileges based on petitioner's willful refusal to submit to a chemical analysis. Respondent contends the court erred by concluding: (1) that the charging officer did not have reasonable grounds to believe petitioner had committed the offense of driving while impaired; and (2) that petitioner did not willfully refuse to submit to the chemical analysis. We agree with respondent and therefore reverse.

Respondent revoked petitioner's driver's license for one year based on petitioner's alleged willful refusal on 10 January 1993 to submit to a chemical analysis of her blood. Petitioner filed for a *de novo* hearing in superior court to review the revocation of her license. The evidence presented at the *de novo* hearing consisted solely of the testimony of Trooper Dwayne W. Banks and shows the following: At approximately 1:30 a.m. on 10 January 1993, Trooper Banks arrived at the scene of a one-car accident and observed petitioner's vehicle in the ditch on the right side of the road. Petitioner was lying down in the back of a rescue squad vehicle and was being treated for lacerations to her face. Banks stepped into the rescue squad vehicle to look at the people involved in the accident and to ask their names.

About forty-five minutes later, Banks went to the hospital where petitioner had been taken and spoke with the passenger who had been in the vehicle. He spoke with petitioner who was lying on a table in the emergency room. After being informed of her rights in accordance with *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694 (1966), petitioner told Banks that as she was travelling north on U.S. 13 she reached down to pick up a pen from the car floor, at which point the car ran off the road and hit a culvert. When Banks asked whether she had anything to drink that evening or that day, petitioner stated that she had some liquor earlier. Banks noticed that petitioner was "real talkative" and had a faint odor of alcohol about her person. Banks testified that petitioner's speech was mumbled but that she seemed coherent, able to understand her rights as they were read to her, and able to understand why Banks was questioning her.

MOORE v. HODGES

[116 N.C. App. 727 (1994)]

Banks administered to petitioner an alcosensor test, which yielded a result higher than .10. After informing petitioner of the results of the alcosensor test, Banks charged her with driving while impaired. Banks informed petitioner of her rights concerning submission to a chemical analysis and gave her a copy of the rights form, which she signed. Banks asked petitioner to submit to a chemical analysis of her blood, and she initially agreed. As the doctor prepared to take her blood, petitioner had a discussion with her father and brother, who were present in the emergency room, about whether she should take the test. After the discussion, petitioner told Banks she was not going to take the test. Banks testified that petitioner did not appear confused about his request that she submit to chemical analysis and that her answers were responsive to his questions.

On cross-examination, Banks testified that petitioner was lying down at all times when he questioned her, both in the rescue squad vehicle and at the hospital; that he did not write down petitioner's answer concerning what she had to drink that night; and that he did not write down the numerical reading on the alcosensor. Banks did write in his notes, however, that the alcosensor test was "positive" and explained that a notation of "negative" would mean that the result was below .10.

By order entered 15 November 1993, the superior court restored petitioner's driving privileges. In so ruling, the court made limited findings of fact from which it concluded:

1. Based upon the information available to the Trooper at the time he saw the Petitioner at the hospital and at the scene of the accident, he did not have probable cause to believe she was subject to an impairing substance at any relevant time after driving a motor vehicle.

2. The Petitioner did not willfully refuse to submit to a chemical analysis upon the request of the charging officer as required by N.C.G.S. Sec. 20-16.2(d)(5).

Respondent contends the evidence does not support the conclusions reached by the court and, to the contrary, shows that the charging officer had probable cause to believe that petitioner had been driving while impaired and that petitioner willfully refused to submit to the chemical analysis.

In determining whether a charging officer had reasonable grounds to believe a petitioner committed an implied consent offense

within the meaning of N.C. Gen. Stat. § 20-16.2 (1993), the term "reasonable grounds" should be viewed as synonymous with "probable cause." *Rock v. Hiatt*, 103 N.C. App. 578, 584, 406 S.E.2d 638, 642 (1991); *In re Gardner*, 39 N.C. App. 567, 571, 251 S.E.2d 723, 726 (1979). Probable cause exists if the facts and circumstances at that moment within the charging officer's knowledge and of which the officer had reasonably trustworthy information are such that a prudent man would believe that the suspect had committed or was committing an offense. *Rock v. Hiatt*, 103 N.C. App. at 584, 406 S.E.2d at 642.

> In determining whether probable cause exists in any particular case, it is the function of the trial court, if there be conflicting evidence, to find the relevant facts. Such factual findings, if supported by competent evidence, are binding on appeal. However, whether the facts so found by the trial court *or shown by uncontradicted evidence* are such as to establish probable cause in a particular case, is a question of law as to which the trial court's ruling may be reviewed on appeal.

*In re Gardner*, 39 N.C. App. at 571, 251 S.E.2d at 726 (emphasis added).

Respondent contends the uncontradicted and manifestly credible testimony of Trooper Banks showing that petitioner was involved in a one-car accident at 1:30 a.m., admitted that the accident was her fault, admitted she had been drinking earlier that evening, smelled of alcohol, had mumbled speech, and registered .10 or higher on the alcosensor is sufficient to establish probable cause for Banks to believe that petitioner had been driving while impaired. We agree. We note that N.C. Gen. Stat. § 20-16.3(d) (1993) specifically provides that the results of an alcohol screening test may be used by a law enforcement officer, a court, or an administrative agency in determining whether there are reasonable grounds to believe that the driver has committed an implied consent offense under N.C. Gen. Stat. § 20-16.2. The alcosensor is an approved alcohol screening test. N.C. Admin. Code tit. 15A, r. 19B.0503(a) (February 1976). Thus, it is permissible to consider the results of the alcosensor test in determining whether Trooper Banks had reasonable grounds to believe petitioner had committed an implied consent offense.

We find *Richardson v. Hiatt*, 95 N.C. App. 196, 381 S.E.2d 866, *modified*, 95 N.C. App. 780, 384 S.E.2d 62 (1989), particularly instructive. In *Richardson*, this Court found the charging officer had rea-

sonable grounds to believe the petitioner had been driving while impaired where the petitioner was involved in a one-car accident in the middle of the afternoon on a clear day, the petitioner claimed he feel asleep at the wheel, and the officer detected a strong odor of alcohol about the petitioner. This Court concluded that the evidence surrounding the accident and the petitioner's reason for its occurrence, coupled with the strong odor of alcohol about petitioner, gave the charging officer reasonable grounds to arrest the petitioner for driving while impaired. *Richardson*, 95 N.C. App. at 200, 381 S.E.2d at 868.

The evidence in the present case is even more compelling than *Richardson*. We find the evidence surrounding petitioner's accident, including the reason for its occurrence, taken with the odor of alcohol about petitioner, her mumbled speech, her admission that she had been drinking liquor earlier, and the results of the alcosensor test clearly sufficient to give Trooper Banks reasonable grounds to believe that petitioner had been driving while impaired. The uncontradicted evidence further shows that petitioner willfully refused to submit to chemical analysis when requested. We therefore reverse the order entered and remand the cause for entry of an order reinstating respondent's revocation of petitioner's driving privileges.

Reversed and remanded.

Judges JOHNSON and WYNN concur.