IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-974

 Filed: 1 May 2018

Wilkes County, No. 16 CRS 51594, 703543

STATE OF NORTH CAROLINA

 v.

DAVID WOODARD DANIEL, Defendant.

 Appeal by the State from order entered 8 June 2017 by Judge Patrice Hinnant

in Wilkes County Superior Court. Heard in the Court of Appeals 20 February 2018.

 Attorney General Joshua H. Stein, by Assistant Attorney General Ashleigh P.
 Dunston, for the State.

 Vannoy, Colvard, Triplett & Vannoy, PLLC, by Jay Vannoy, for the Defendant-
 Appellee.

 DILLON, Judge.

 The State appeals from an order granting Defendant’s motion to suppress

evidence obtained subsequent to his arrest for driving while impaired. For the

reasons stated below, we reverse and remand for further proceedings consistent with

this opinion.

 I. Background

 On the morning of 11 June 2016, a trooper stopped Defendant’s vehicle for

speeding in Wilkes County. Based on his observations of Defendant, the trooper

formed a belief that Defendant had consumed a sufficient quantity of alcohol to
 STATE V. DANIEL.

 Opinion of the Court

impair Defendant’s faculties or his ability to safely drive a vehicle. Accordingly, the

trooper placed Defendant under arrest for driving while impaired. The trooper also

cited Defendant for speeding and for driving with an open container of alcohol.

 Defendant was convicted in district court, but he appealed to superior court for

a trial de novo. In superior court, Defendant filed a motion to suppress, contending

that the trooper lacked probable cause to arrest him. Following a hearing on the

matter, the superior court granted Defendant’s motion. The State timely appealed.

 II. Analysis

 On appeal, the State contends that the superior court’s findings do support a

conclusion that the trooper had probable cause to arrest Defendant for driving while

impaired.

 The State does not challenge any of the superior court’s findings of fact;

therefore, these findings are binding on appeal. State v. Biber, 365 N.C. 162, 168, 712

S.E.2d 874, 878 (2011). Accordingly, our standard of review is whether the superior

court’s findings support its conclusion that the trooper lacked probable cause to arrest

Defendant.

 Our Supreme Court has defined “probable cause for an arrest” as:

 . . . a reasonable ground of suspicion, supported by
 circumstances sufficiently strong in themselves to warrant
 a cautious [person] in believing the accused to be guilty[.]

 -2-
 STATE V. DANIEL.

 Opinion of the Court

 [T]he evidence need not amount to proof of guilt, or even to
 prima facie evidence of guilt, but it must be such as would
 actuate a reasonable [person] acting in good faith.

State v. Bone, 354 N.C. 1, 10, 550 S.E.2d 482, 488 (2001).

 Here, for the reasons stated below, we conclude that the findings made by the

superior court support a conclusion that the trooper did have probable cause to arrest

Defendant.

 Specifically, the superior court found as follows: The trooper clocked

Defendant traveling at a speed of 80 miles per hour in a 65 mile per hour zone on a

multiple-lane highway. As the trooper approached Defendant, Defendant was

traveling in the left-hand lane (on the correct side of the road). As the trooper drew

close to Defendant, Defendant abruptly moved into the right-hand lane and nearly

struck another vehicle before stopping on the shoulder of the highway. During the

stop, the trooper noticed a moderate odor of alcohol emanating from Defendant and

observed an open 24-ounce container of beer in the cup-holder next to the driver’s

seat. Defendant told the trooper that he had just purchased the beer, and was

drinking it while driving down the highway. Defendant admitted that he had been

drinking heavily several hours before the encounter with the trooper. The trooper

did not have Defendant perform any field sobriety tests; but the trooper did request

that Defendant submit to two Alco-sensor tests, both of which yielded positive results

for alcohol.

 -3-
 STATE V. DANIEL.

 Opinion of the Court

 Admittedly, the trial court also made many findings tending to show that

Defendant was not driving under the influence of alcohol: He did not have glassy

eyes, exhibit slurred speech, or have any issues with balancing or walking. Further,

Defendant was cooperative and responsive.

 It may be that the superior court’s findings are not sufficient to prove

Defendant’s guilt or to make out a prima facie case of Defendant’s guilt. But we

conclude that the findings are sufficient for a “cautious” police officer to believe that

Defendant was driving under the influence. Defendant admitted to drinking, had an

open container in his vehicle, had alcohol on his breath, was driving fifteen (15) miles

per hour over the speed limit, and made an unsafe movement almost causing an car

accident when he pulled across a lane of traffic while pulling over. True, Defendant’s

unsafe movement across a lane of traffic may have been caused by some factor

unrelated to being under the influence of alcohol, such as the nervousness inherent

in being pulled over by a police officer. But a “cautious” trooper could also reasonably

believe that Defendant’s abrupt change of lanes, nearly resulting in a collision, was

caused, at least in part, by Defendant being under the influence of alcohol. Swerving

alone does not give rise to probable cause, but additional factors creating dangerous

circumstances may. See State v. Wainwright, 240 N.C. App. 77, 85, 770 S.E.2d 99,

105 (2015).

 -4-
 STATE V. DANIEL.

 Opinion of the Court

 Therefore, though the findings might not make out a prima facie case of

Defendant’s guilt, the findings were sufficient to justify the trooper, acting cautiously,

to arrest Defendant rather than take a chance by allowing Defendant to continue

driving in his condition. See State v. Harris, 279 N.C. 307, 311, 182 S.E.2d 364, 367

(1971) (“The existence of ‘probable cause[]’ . . . is determined by factual and practical

considerations of everyday life on which reasonable and prudent men, not legal

technicians, act.”).

 In conclusion, the trial court’s findings regarding Defendant’s excessive speed,

his abrupt unsafe movement almost resulting in a collision with another vehicle, the

alcohol on his breath, the two positive readings on the portable alcohol screening test,

the open container in his car, and his admission to heavy drinking just hours before

– though maybe not enough to clear the “guilty beyond a reasonable doubt” hurdle

necessary for a conviction where other findings tend to show that Defendant was

sober – does clear the lower “probable cause” hurdle necessary for an arrest as

established by our Supreme Court. Bone, 354 N.C. at 10, 550 S.E.2d at 488.

 III. Conclusion

 The findings of the superior court support a conclusion that the trooper did

have probable cause to arrest Defendant for driving while impaired. Accordingly, we

reverse the order of the superior court suppressing evidence obtained as a result of

the stop and remand this matter for further proceedings consistent with this opinion.

 -5-
 STATE V. DANIEL.

 Opinion of the Court

Judge CALABRIA concurs.

Judge TYSON dissents with a separate opinion.

 -2-
 No. COA17-974 – State v. Daniel

 TYSON, Judge, dissenting.

 The State does not challenge any of the findings of fact contained in the trial

court’s order. These unchallenged findings of fact support the trial court’s conclusion

of law that Trooper Berrong did not possess probable cause to arrest Defendant for

driving while impaired (“DWI”).

 The State’s appeal challenges only the trial court’s conclusion, granting

Defendant’s motion to suppress the evidence obtained subsequent to his arrest for

DWI. The majority’s opinion concludes probable cause existed to support Defendant’s

DWI arrest, reverses the trial court’s order and remands for further proceedings. I

vote to affirm the trial court’s order and respectfully dissent.

 I. Background

 On the morning of 11 June 2016, N.C. Highway Patrol Trooper Joe Berrong

was stationary at the Windy Gap exit of Highway 421 in Wilkes County. Trooper

Berrong was monitoring traffic coming from Winston-Salem towards Wilkesboro and

running stationary radar in order to detect speeding drivers. Trooper Berrong

observed a Chevrolet sport utility vehicle coming down the highway and clocked the

vehicle’s speed at 80 miles per hour in a 65 mile per hour zone.

 Trooper Berrong activated his vehicle’s lights and siren and pursued the

vehicle northbound on Highway 421. As Trooper Berrong approached, the vehicle

was traveling in the left-hand lane. When Trooper Berrong drew closer, Defendant

abruptly moved out of his way into the right-hand lane and nearly struck another
 STATE V. DANIEL

 TYSON, J., dissenting

vehicle. Trooper Berrong managed to place his vehicle behind Defendant’s vehicle,

which had pulled over and stopped on the shoulder of Highway 421.

 Trooper Berrong approached the vehicle and noticed a moderate odor of alcohol

emanating from the driver and observed an open 24-ounce container of beer inside

the cup holder next to the driver. Defendant was the driver, admitted he had just

purchased the beer and was drinking it while driving down the road. Defendant also

stated he had also drank heavily the previous night, but had not consumed very much

that day.

 Trooper Berrong requested Defendant to exit his vehicle. Trooper Berrong

stated he still detected a moderate odor of alcohol emanating from Defendant after

he exited his vehicle. Trooper Berrong did not ask Defendant to perform any of the

standard field sobriety tests, but did request Defendant to submit to two alco-sensor

alcohol screening tests. Defendant agreed and both tests yielded positive results for

alcohol.

 Based upon his observations of Defendant, Defendant’s speeding and the

manner in which Defendant had operated his vehicle, Trooper Berrong formed an

opinion that Defendant had consumed a sufficient quantity of alcohol to impair

Defendant’s physical or mental faculties or ability to safely operate a vehicle.

Defendant was placed under arrest for DWI and issued citations for speeding 80 miles

per hour in a 65 mile per hour zone and for driving with an open container of alcohol.

 2
 STATE V. DANIEL

 TYSON, J., dissenting

Trooper Berrong transported Defendant to the local courthouse where Defendant was

administered an intoximeter test.

 On 23 February 2017, Defendant pled guilty to all charges in Wilkes County

District Court. The district court sentenced Defendant to 60 days imprisonment and

suspended the sentence to twelve months of unsupervised probation. Defendant then

entered notice of appeal to superior court for a trial de novo.

 On 29 March 2017, Defendant filed a pre-trial motion to suppress evidence and

asserted lack of probable cause for his arrest. Following a hearing on the motion, the

superior court entered an order allowing Defendant’s motion to suppress. The State

filed timely notice of appeal to this Court.

 II. Standard of Review

 “The standard of review for a motion to suppress is whether the trial court’s

findings of fact are supported by the evidence and whether the findings of fact support

the conclusions of law.” State v. Wainwright, 240 N.C. App. 77, 83, 770 S.E.2d 99, 104

(2015) (internal quotation marks and citation omitted). “[I]n evaluating a trial court’s

ruling on a motion to suppress . . . the trial court’s findings of fact are conclusive on

appeal if supported by competent evidence, even if the evidence is conflicting.” State

v. Allen, 197 N.C. App. 208, 210, 676 S.E.2d 519, 521 (2009) (citation omitted).

Findings of fact not challenged on appeal are deemed supported by competent

evidence and are binding upon this Court. State v. Biber, 365 N.C. 162, 168, 712

 3
 STATE V. DANIEL

 TYSON, J., dissenting

S.E.2d 874, 878 (2011) (citation omitted). “The trial court’s conclusions of law . . . are

fully reviewable on appeal.” State v. Hughes, 353 N.C. 200, 208, 539 S.E.2d 625, 631

(2000).

 III. Analysis

 The State does not challenge any of the trial court’s findings of fact in the order

granting Defendant’s motion to suppress. These findings are based upon competent

evidence and are binding upon appeal. Biber, 365 N.C. at 168, 712 S.E.2d at 878.

 With regard to the trial court’s conclusions of law, the State argues that the

trial court erred in granting Defendant’s motion to suppress. It asserts the totality

of the circumstances indicate Trooper Berrong had probable cause to arrest

Defendant for DWI. Whether Trooper Berrong lacked probable cause to arrest

Defendant for DWI and whether the trial court properly granted Defendant’s motion

to suppress must be reviewed in light of the trial court’s unchallenged findings of fact.

 A. Probable Cause

 “Probable cause requires only a probability or substantial chance of criminal

activity, not an actual showing of such activity.” State v. Teate, 180 N.C. App. 601,

606-07, 638 S.E.2d 29, 33 (2006) (quoting Illinois v. Gates, 462 U.S. 213, 244 n. 13, 76

L. Ed. 2d 527, 552 n. 13 (1983)). “Probable cause exists if the facts and circumstances

at that moment [that are] within the charging officer’s knowledge[,] and of which the

officer had reasonably trustworthy information[,] are such that a prudent man would

 4
 STATE V. DANIEL

 TYSON, J., dissenting

believe that the suspect had committed or was committing an offense.” Moore v.

Hodges, 116 N.C. App. 727, 730, 449 S.E.2d 218, 220 (1994) (citation omitted).

 “Whether probable cause exists to justify an arrest depends on the ‘totality of

the circumstances’ present in each case.” State v. Sanders, 327 N.C. 319, 339, 395

S.E.2d 412, 425 (1990) (citations omitted), cert. denied, 498 U.S. 1051, 112 L. Ed. 2d

782 (1991).

 B. Unchallenged Findings of Fact

 Here, the trial court made the following unchallenged findings of fact:

 1. On June 11, 2016, at approximately 9:30 a.m., Trooper
 Joe Berrong with the N.C. Highway Patrol was sitting
 stationary on the Windy Gap exit of Highway 421 in Wilkes
 County, North Carolina, watching traffic on Highway 421
 for speeding and was running stationary radar. At this
 time, Trooper Berrong had worked for the Highway Patrol
 for approximately 14 years and had worked as a law
 enforcement officer for 19 years with at least 100 arrests
 for driving while impaired.

 2. Trooper Berrong clocked the Defendant traveling at an
 estimated 80 mph in a 65 mph zone on Highway 421. The
 Trooper activated his lights and siren and pursued the
 Defendant.

 3. When Trooper Berrong caught up to the Defendant, the
 Defendant was driving in the left lane. Trooper Berrong
 pulled up behind the Defendant with lights and sirens
 activated, then the Defendant made a sharp cut into the
 right-hand lane and cut off another vehicle nearly striking
 the other vehicle. Trooper Berrong followed the Defendant
 into the right hand lane and then the Defendant pulled off
 onto the shoulder at or near the next exit off of Highway
 421 towards the rest area where he stopped.

 5
 STATE V. DANIEL

 TYSON, J., dissenting

4. Less than one minute passed from the time that Trooper
Berrong started pursuit of the Defendant until the
Defendant stopped.

5. Trooper Berrong was alerted to the Defendant’s vehicle
based on his speed.

6. Other that [sic] the Defendant’s speed and his sharp
turn into the right hand lane nearly striking another
vehicle, Trooper Berrong did not notice anything else
unusual or illegal about the Defendant’s operation of his
vehicle. It was described as ‘a straight up speeding stop’.

7. When Trooper Berrong approached the Defendant’s car,
he noticed a moderate odor of alcohol coming from the
Defendant’s breath and an open container of alcohol, an Ice
House beer, in the Defendant’s car. The Defendant was the
sole occupant of the vehicle.

8. The Defendant told Trooper Berrong that he drank
heavily the night before and that he had not drank much
of the open container of alcohol, but what he had drank of
the open container he drank while coming up the road.

9. Trooper Berrong was unable to recall what was done
with the container, the temperature of the container or how
much was in it. It was unknown when the Defendant
bought the beer other than sometime that morning or how
long the Defendant had been on the road. Defendant was
on the way to Boone to work on his house.

10. Trooper Berrong requested the Defendant to get out of
the vehicle and the Defendant complied with that request.
They walked back to Trooper Berrong’s patrol car and the
Defendant sat in the patrol car with Trooper Berrong.
Trooper Berrong observed there was nothing unusual
about the Defendant’s gait. In the patrol car, Trooper
Berrong still noticed a moderate odor of alcohol coming
from the Defendant’s person.

 6
 STATE V. DANIEL

 TYSON, J., dissenting

11. On June 11, 2016, Trooper Berrong was certified to use
the intoximeter FST alcohol screening device which was
assigned to him by the Highway Patrol. This alcohol
screening device had been calibrated and was working
properly.

12. Trooper Berrong asked the Defendant to submit to an
alcohol screening test and the Defendant complied.
Trooper Berrong administered the first test at 9:36 a.m.
and the second test at 9:42 a.m. and both tests yielded a
positive result. The Trooper’s notes did not include the
FST to determine alcohol.

13. Trooper Berrong did not other present [sic] evidence of
performance on standardized field sobriety tests. Trooper
Berrong felt that the location of the vehicle stop was not
practical to administer field sobriety tests. Specifically,
the shoulder was uneven, very rough, and only partially
paved. The Defendant stopped between the Windy Gap
Road exit (exit 277) and the NC-115 exit (exit 282). A rest
area was located approximately one mile past the NC-115
exit.

14. Trooper Berrong formed an opinion that the Defendant
had consumed a sufficient amount of alcohol to impair the
Defendant’s physical and/or mental faculties.

15. The Defendant was arrested for driving while
impaired. Trooper Berrong issued a citation to the
Defendant for speeding 80 mph in a 65 mph zone and for
driving with an open container of alcoholic beverage after
drinking.

16. During the entire time that Trooper Berrong was
interacting with the Defendant, the Defendant was polite,
cooperative, and respectful to the Trooper.

17. Trooper Berrong observed the Defendant try to cover
up the open container of alcohol before the Defendant got

 7
 STATE V. DANIEL

 TYSON, J., dissenting

 out of his car, but this did not affect Trooper Berrong’s
 opinion that the Defendant was being very cooperative.

 18. The Defendant did not have red glassy eyes or any
 slurred speech. Trooper Berrong was able to communicate
 with the Defendant clearly.

 19. Trooper Berrong did not notice anything unusual about
 the Defendant’s ability to walk, stand or maintain his
 balance.

 C. The State’s Argument

 The State asserts Trooper Berrong had probable cause to arrest Defendant

because he had sufficient knowledge to believe Defendant had committed or was

committing the offense of DWI. The State argues, and the majority’s opinion agrees,

the totality of the circumstances supports a conclusion that Trooper Berrong had

probable cause to arrest Defendant for DWI because:

 (1) he clocked Defendant traveling 15 miles over the posted
 speed limit;
 (2) Defendant almost struck another vehicle when
 attempting to pull over;
 (3) Defendant had a moderate odor of alcohol emanating
 from his person;
 (4) Defendant admitted to drinking heavily the night
 before;
 (5) Defendant had an open container of alcohol in his
 vehicle that he attempted to cover up;
 (6) Defendant admitted to recently drinking said alcohol
 while driving down the road; and
 (7) Defendant registered two (2) positive readings on the
 portable alcohol screening test.

 8
 STATE V. DANIEL

 TYSON, J., dissenting

 The State’s argument relies in part on the case of State v. Townsend, 236 N.C.

App. 456, 762 S.E.2d 898 (2014), to support its assertion that Trooper Berrong had

probable cause to arrest Defendant for DWI. In Townsend, the defendant was

stopped at a police checkpoint where a law enforcement officer had noticed the

defendant had red, bloodshot eyes, emitted a strong odor of alcohol, and admitted to

drinking several beers earlier in the evening. Id. at 458, 762 S.E.2d at 901. The officer

administered two alco-sensor tests, which were positive for alcohol. Id. The officer

also had the defendant perform several field sobriety tests, including a horizontal

gaze nystagmus test, a “walk and turn” test, and a “one leg” stand test. Id. The

defendant exhibited multiple signs of intoxication on each of those tests. Id. The

defendant was arrested and later convicted of DWI. Id.

 The defendant had filed a motion to suppress for lack of probable cause, which

was denied by the trial court. Id. at 464, 762 S.E.2d at 904. On appeal, the defendant

argued that because he did not exhibit signs of intoxication such as slurred speech,

glassy eyes, or physical instability, there was insufficient probable cause for his

arrest. Id. at 465, 762 S.E.2d at 905. This Court concluded there was probable cause

because “[the officer] noted that defendant had bloodshot eyes, emitted an odor of

alcohol, exhibited clues as to intoxication on three field sobriety tests, and gave

positive results on two alco-sensor tests.” Id.

 9
 STATE V. DANIEL

 TYSON, J., dissenting

 The facts here are distinguishable from those in Townsend. The defendant in

Townsend exhibited several signs of intoxication, in addition to the two positive alco-

sensor results, odor of alcohol, and admission of consuming alcohol prior to driving.

These additional signs included bloodshot eyes and indications of intoxication from

the three administered standard field sobriety tests. Id. at 458, 762 S.E.2d at 901. In

the instant case, although Defendant admitted to consuming alcohol, had an open

container of beer in his vehicle, and emanated a moderate odor of alcohol, these were

the only indications tending to show he could be impaired or intoxicated.

 While Defendant’s speeding and abrupt change of lanes may support probable

cause to support the citation for speeding, these actions and the other observations of

Trooper Berrong, do not support probable cause that Defendant’s mental or physical

faculties were “appreciably impaired” or that he had a “[blood] alcohol concentration

of 0.08 or more.” State v. McDonald, 151 N.C. App. 236, 244, 565 S.E.2d 273, 277

(2002); see also N.C. Gen. Stat. § 20-138.1(a) (2017).

 According to the trial court’s unchallenged and binding findings of fact in the

order granting Defendant’s motion to suppress, Trooper Berrong initiated the stop

solely based upon Defendant’s speeding. Trooper Berrong did not observe anything

unusual about Defendant’s driving in addition to speeding, except his abrupt merging

into the right-hand lane to pull over. Neither Defendant’s speed nor his abrupt move

into the right-hand lane in response to Trooper Berrong driving up behind him with

 10
 STATE V. DANIEL

 TYSON, J., dissenting

activated lights and sirens tend to show probable cause that Defendant was driving

while impaired.

 Significantly, Trooper Berrong did not observe anything that would indicate

probable cause of appreciable impairment or a .08 blood alcohol concentration or

greater intoxication in Defendant’s gait, manner of speaking or appearance.

Additionally, Defendant acted politely, cooperatively, responsively and respectfully

during their interaction. Also, and unlike the defendant in Townsend, Defendant was

not asked to perform any standard field sobriety tests and did not have bloodshot

eyes. See id.

 As the fact finder, the trial court had the opportunity to observe all witnesses

and their demeanor. The trial court’s unchallenged findings of fact are based upon

the competent evidence in the record. These findings support its conclusion that the

totality of the circumstances did not provide probable cause for Trooper Berrong to

arrest Defendant for DWI. See Sanders, 327 N.C. at 339, 395 S.E.2d at 425. The order

of the trial court should be affirmed.

 IV. Conclusion

 Under the totality of the circumstances and the unchallenged findings of fact,

the trial court properly concluded that Trooper Berrong lacked sufficient probable

cause to arrest Defendant for DWI. The trial court’s unchallenged and binding

findings of fact support its conclusions of law.

 11
 STATE V. DANIEL

 TYSON, J., dissenting

 The State failed to show Trooper Berrong possessed probable cause to support

Defendant’s arrest for DWI or carry its burden to overcome the presumption of

correctness of the trial court’s order on appeal. The order of the trial court granting

Defendant’s motion to suppress is properly affirmed. For these reasons, I respectfully

dissent.

 12